IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONID ADAMOVICH GRITSYUK,

                              Petitioner,

vs.

F. X. CHAVEZ, Warden, California State
Prison,

                              Respondent.

No. 2:11-cv-00267-JKS

MEMORANDUM DECISION
and
ORDER [Re: Motion at Docket No. 11]

Leonid Adamovich Gritsyuk ("Leo"),[1] a state prisoner appearing *pro se*, filed a Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Leo is currently in the custody of the

California Department of Corrections and Rehabilitation, incarcerated the Sierra Conservation

Center in Jamestown, California.  Respondent has answered.  Leo has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

In November of 2008, Leo pled no contest in the Sacramento County Superior Court to

gross vehicular manslaughter while intoxicated, Cal. Pen. Code § 191.5(a), and driving with a

blood alcohol level of .08 percent or more with three or more prior offenses, Cal. Veh. Code §

23152(b).  Leo also admitted during his plea of no contest that he had a prior felony that fell

under California's three-strikes law, Cal. Pen. Code § 667.  In December of 2011 Leo was

sentenced to fourteen years and four months in state prison.  The trial court sentenced him to:

(1) four years on the vehicular manslaughter count, which was doubled to eight years because of

Leo's prior strike; (2) eight months for driving under the influence, which was doubled to sixteen

_____

[1] The Petitioner refers to himself in his Petition to this Court and his Traverse as Leo.

months for the prior strike; and (3) five years based on his prior serious felony conviction (prior strike). Leo did not appeal his conviction or sentence on direct appeal in state court.

The facts of Leo's case, stated during his change of plea hearing as the factual basis for his plea in November 2008, are as follows:

> As to Count 1, in the County of Sacramento, in June 10 th , 2006, [Leo], while driving his motor vehicle, which was a truck, with a passenger in the front seat and also a passenger in the back seat, all of whom had been drinking throughout the day, they all got into [Leo's] truck. Drove Northbound on I-5. The car was going between 65 and 85 miles an hour, attempting to pass traffic in a reckless manner. At one point [Leo] did drive his truck on the dirt median of I-5 northbound, wherein he lost control of the truck. It stuck the guardrail. It barrel-rolled across the freeway, partially ejecting the victim in this case, . . . [Leo] was combative with law enforcement, and his blood alcohol – his blood draw approximately two hours later was .17.
>
> As to Count 7, [Leo], in January of '07, January 6 th of '07, a witness civilian called 911 reporting a truck in the middle of a residential street with the doors wide open, the lights on, and the engine running. That witness reported that there was a drunk individual walking about the street mumbling. The witness reported that the person got back into the truck and drove away, giving a description of the suspect as well as the truck. The law enforcement stopped him a short distance away while watching the car drive erratically. [Leo], who was subsequently identified by this civilian, refused FSTs and PAS. His breath test that time was .19, .21.
>
> Further, [Leo] has suffered a number of prior DUI convictions as to Count 7; one being 23152(a) of the Vehicle Code on June 4 th of 2000. Another being a violation of Section 23512(a) On April 14, 2004, and further, a separate conviction for Section 23152(b) of the Vehicle Code on May 24 th , 2004, all of which occurred in Sacramento County.
>
> Further, [Leo] did suffer a prior strike conviction, which is alleged as violation of Section 422 of the Penal Code in that he threatened to kill his wife while he was under the influence of alcohol and threw a knife in her direction, striking the wall with that knife.[2]

On October 1, 2009, Leo filed a petition for habeas corpus in the Sacramento County

---

[2] During his change of plea hearing, Leo admitted that the prior serious felony under California Penal Code § 422 amounted to a prior strike. Although Leo does not challenge his 2008 plea of no contest, a review of the change of plea hearing demonstrates that the plea colloquy was thorough and that the plea was voluntary, knowing, and intelligent.

Superior Court, which the state trial court denied in an unreported reasoned Order on December

28, 2009.  On February 22, 2010, Leo filed a petition for habeas corpus in the California Court of

Appeal, Third Appellate District, which summarily denied his petition without citation to

authority.  On June 4, 2010, Leo filed a petition for habeas corpus in the California Supreme

Court, which also summarily denied his petition without citation to authority on January 12,

2011.  Leo timely filed his Petition to this Court on January 21, 2011.

## II.  GROUNDS/ISSUES RAISED

In his Petition to this Court, Leo raises three grounds: (1) there is insufficient evidence to

support the prior strike enhancement under California Penal Code § 667 because Leo claims his

prior offense under California Penal Code § 422 was a misdemeanor and not a felony; (2) the

terms of Leo's 1999 plea agreement for his prior offense under California Penal Code § 422 were

breached when that conviction was used as an enhancement to his current sentence, in violation

of his Fifth, Eighth, and Fourteenth Amendment rights; and (3) Leo's trial court counsel was

ineffective for failing to properly investigate Leo's conviction in 1999 under California Penal

Code § 422.  Respondent does not assert any affirmative defenses.  *See* Rules Governing Section

2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011) ("The answer must . . . state whether any

claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-

retroactivity, or a statute of limitations.").

Leo requested an evidentiary hearing and appointment of counsel in his habeas Petition to

this Court, and those requests have also been renewed in his Traverse to this Court.

## III.  STANDARD OF REVIEW

The standard of review governing federal habeas petitions is contained in the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), which applies to all federal habeas petitions filed after the statute's enactment in April 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (noting that Congress's intent was for AEDPA to apply to cases that were filed after the statute's enactment).  Because Leo filed his Petition after the effective date of the statute, its provisions apply to his case.

Under AEDPA, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).

A state-court decision is "contrary" to federal law "if the state court applies a rule that contradicts the governing law set forth" in controlling, Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  The Supreme Court has noted that "[a]voiding these pitfalls does not require citation of our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002).

When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be "objectively unreasonable," not just "incorrect or erroneous."  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citing *Williams*, 529 U.S. at 409-10, 412).  The Supreme Court has made clear that the "objectively unreasonable" standard is "a

4

substantially higher threshold" than simply believing that the state-court determination was incorrect. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (citations omitted) (internal quotation marks omitted). "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)). In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a "substantial and injurious effect" or influence in determining the outcome. *Fry v. Pliler*, 551 U.S. 112, 121 (2007). Because "[s]tate court judgments of conviction and sentence carry a presumption of finality and legality," the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the

> state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early*, 537 U.S. at 10. Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam) (stating that when no Supreme Court case gives a "clear answer to the question presented," then the state-court decision cannot be contrary to or an unreasonable application of clearly established federal law); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009). Accordingly, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established" by the Supreme Court. *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

In applying these standards in habeas review, this Court reviews the "last reasoned decision" by the state court. *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the

reasoning of the lower court.  *See Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Ylst v. Nunnemaker*, 501 U.S. 797, 802-03 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").  This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.  *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).  This presumption applies to state-trial courts and appellate courts alike.  *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ("Stevenson does not address these factual findings, let alone challenge them with clear and convincing evidence.  Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002))).

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.  *See*

*Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).  This is considered as the functional equivalent of the appeal process.  *Id.* at 222.

A state court is not required to give reasons before its decision can be deemed to be "adjudicated on the merits."  *Richter*, 131 S. Ct. at 784-85.  When there is no reasoned state-court decision denying an issue presented to the state, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state law procedural principles to the contrary."  *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).  However, "[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."  *Id.* at 785 (citing *Ylst*, 501 U.S. at 803).  Where the presumption applies, this Court must perform an independent review of the record to ascertain whether the state-court decision was "objectively unreasonable."  *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam)).  In conducting an independent review of the record, this Court presumes that the relevant state-court decision rested on federal grounds.  *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991) ("The presumption at present applies only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision."); *see also Harris*, 489 U.S. at 263.

Moreover, this Court gives that presumed decision the same deference as a reasoned decision.  *Richter*, 131 S. Ct. at 784-85,  The scope of this review is for clear error of the state court ruling on the petition:

[A]lthough we cannot undertake our review by analyzing the basis for the state

> court's decision, we can view it through the "objectively reasonable" lens ground by
> *Williams*. . . . Federal habeas review is not *de novo* when the state court does not
> supply reasoning for its decision, but an independent review of the record is required
> to determine whether the state court clearly erred in its application of controlling
> federal law.  Only by that examination may we determine whether the state court's
> decision was objectively reasonable.

*Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000).

"[A]lthough we independently review the record, we still defer to the state court's

ultimate decision."  *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

IV.  DISCUSSION

**A.  Evidentiary Hearing**

The Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.]

§ 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on

the merits."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).  "Federal courts sitting in

habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient

effort to pursue in state proceedings."  *Williams*, 529 U.S. at 437 (quoted with approval in

*Pinholster*, 131 S. Ct. at 1401); *see Richter*, 131 S. Ct. at 787 (noting that the basic structure of

federal habeas jurisdiction is designed to confirm that state courts are the principal forum for

asserting constitutional challenges to state convictions); *Wainwright v. Sykes*, 433 U.S. 72, 90

(1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a

'tryout on the road' for what will later be the determinative federal habeas hearing.").  "If the

state-court decision 'identifies the correct governing legal principle' in effect at the time, a

federal court must assess whether the decision 'unreasonably applies that principle to the facts of

the prisoner's case.'"  *Pinholster*, 131 S.Ct. at 1399 (quoting *Williams*, 529 U.S. at 405).  As the

Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.*

Although under *Pinholster* an evidentiary hearing in a federal habeas proceeding is not absolutely precluded, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2), *id.* at 1400-01, which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Leo's request in this case does not meet that standard. Accordingly, his request for an evidentiary hearing will be **denied.**

## B.  Motion to Appoint Counsel

There is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman*, 501 U.S. at 756-57). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rules 6(a), 8(c) (2011). This Court may appoint counsel under the Criminal Justice Act in this case if the court determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In

deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). This Court does not so determine. Additionally, because the pleadings have been completed, appointment of counsel is unnecessary at this time. Accordingly, Leo's request for the appointment of counsel will be **denied.**

### C. Motion at Docket No. 11

At Docket No. 11, Leo filed a Motion for Judicial Notice of Department of Justice Audio Tapes In Petitioner's Underlying Immigration Proceedings. Leo claims that in a prior immigration proceeding, *In re Gritsyuk*, No. A 71 188 403, his prior conviction under California Penal Code § 422 was referred to as a misdemeanor. He therefore wants this Court to take judicial notice of those statements made during the immigration proceeding. However, the Supreme Court made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. at 1398-99. The tapes from the immigration proceeding were never part of the record in Leo's current case for which he (1) pled no contest to in 2008 and (2) now challenges his sentence in his Petition to this Court. Further, the Sacramento County Superior Court ruled that Leo's prior conviction under California Penal Code § 422 was a felony. *In re Gritsyuk*, No. 09F07721 (Cal. Super. Ct. December 29, 2009). This Court is bound by the state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Accordingly, the Motion at Docket No. 11 will be **denied.**

11

**D. Merits**

<u>Ground 1: Insufficient Evidence To Support Sentence Enhancement</u>

In his first ground, Leo claims that there is insufficient evidence to support his sentencing

enhancement under California's three strikes law, Cal. Pen. Code § 667, because his prior

offense in case No. 99F02960 for violating California Penal Code § 422 was actually a

misdemeanor and not a felony. Distilled to its essence, Leo is really arguing that during his plea

of no contest in the Sacramento County Superior Court in November of 2008, the state trial court

misinterpreted his prior offense as a felony and a prior strike, when in fact, as he claims, it was a

misdemeanor. As such, he claims his sentence was unconstitutionally enhanced because he

never actually had a prior strike.

     1. State Court Decision

In rejecting Leo's claim, The Sacramento County Superior Court stated:

> [Leo] challenges the judgment in Sacramento County Superior Court Case
> No. 07F00227. Specifically, he claims that his prior Penal Code § 422 conviction,
> rendered in Sacramento County Superior Court Case No. 99F02960, could not be the
> basis of a Penal Code § 667 enhancement in Case No. 07F00227, because the court
> in the prior case had "imposed a County Jail term of 120 days and 4 years formal
> probation." [Leo] cites Penal Code § 17(b)(1) in support of his argument. He
> further claims that he was rendered ineffective assistance of counsel improperly
> agreeing to admit the conviction for enhancement purposes.
>
>     A review of the record reveals that in Case No. 99F02960, [Leo] pled no
> contest to a one-count felony charge of violating Penal Code § 422. Imposition of
> judgment and sentence was suspended, and [Leo] was placed on probation.
> Probation thereafter was revoked and reinstated several times, but was not terminated
> early, nor was [Leo] ever sentenced to prison. [Leo] did not at any point request that
> the conviction be reduced to a misdemeanor pursuant to Penal Code § 17(b)(3), nor
> has it ever been reduced.
>
>     Penal Code § 17(b) provides in pertinent part:
>
> > "When a crime is punishable, in the discretion of the court, by
> > imprisonment in the state prison or by fine or imprisonment in the
> > county jail, it is a misdemeanor for all purposes under the following

circumstances:

" (1) After a judgment imposing a punishment other than imprisonment in the state prison.

* * *

"(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

[Leo] does not argue that he applied for a reduction of his offense to a misdemeanor pursuant to Penal Code § 17(b)(3), but rather claims that the conviction in Case No. 99F02960 did not remain a felony conviction because there had been a judgment imposing a punishment other than imprisonment in the state prison, thus the conviction was automatically converted to a misdemeanor conviction pursuant to Penal Code § 17(b)(1).

However, judgment was never imposed in Case No. 99F02960.  Rather, imposition of judgment and sentence was suspended on June 2, 1999, and probation was granted instead. [Leo] was placed on probation, and never requested or obtained a reduction of the conviction to that of a misdemeanor pursuant to Penal Code § 17(b)(3).

Penal Code § 17(b)(1) does not automatically apply when imposition of sentence is suspended – only when punishment is imposed as something other than state prison.  In the instant case, sentence was never imposed.  "Judgment imposing a punishment other than imprisonment in the state prison," which is required to trigger application of this provision, did not occur.  As such, the conviction was never converted to a misdemeanor, and constituted a proper basis for both a "strike prior" and a Penal Code § 667(a) enhancement.

*In re Gritsyuk*, No. 09F07721.

2. Analysis

As articulated by the Supreme Court in *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).  Accordingly, this Court must determine whether the Sacramento County Superior Court unreasonably applied *Jackson* in its

review of Leo's claim that his prior conviction under § 422 was actually a misdemeanor and therefore could not enhance his current sentence as a prior strike (felony).

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *Engle v. Isaac*, 456 U.S. 107, 128 (1982). As such, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n. 16. This Court must also be ever mindful of the deference owed to the trier of fact and the sharply limited nature of constitutional sufficiency review. *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005). A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw,* 546 U.S. at 76. "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Lewis*, 497 U.S. at 780 (quoting *Donnelly*, 416 U.S. at 643). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Philips*, 455 U.S. 209, 221 (1982) (citations omitted); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))). It is through this lens that this Court must view an insufficiency of the evidence claim.

Here, the Sacramento County Superior Court found that Leo's prior conviction under California Penal Code § 422 was never automatically converted to a misdemeanor as Leo claims,

14

and that he never "applied for a reduction of his offense to a misdemeanor pursuant to Penal Code § 17(b)(3)." *Gritsyuk*, No. 09F07721. The court specifically found that a "sentence was never imposed," but "[r]ather, imposition of judgment and sentence was suspended on June 2, 1999, and probation was granted instead." *Id.* The court concluded, "[a]s such, the conviction was never converted to a misdemeanor, and constituted a proper basis for both a "strike prior" and a Penal Code § 667(a) enhancement." *Id.* This Court is bound by the Sacramento County Superior Court's interpretation of state law. *Bradshaw*, 546 U.S. at 76.

Furthermore, Leo bears the burden of establishing by clear and convincing evidence that the factual finding by the California State Court—that he never asked to reduce his sentence from a felony to a misdemeanor under § 17(b)(3)—was erroneous. 28 U.S.C. § 2254(e)(1). Leo has failed to carry this burden.   Thus, this Court is bound by the state court's determination that Leo's prior conviction under California Penal Code § 422 was a felony, and therefore could properly be used to enhance his current sentence. Accordingly,  Leo is not entitled to relief under his first ground.

Ground 2: 1999 Conviction and Breach of Plea Agreement

In his second ground, Leo claims that the terms of his plea agreement from 1999 were breached when his conviction under California Penal Code § 422 was used to enhance his current sentence, specifically because when he pled no contest to felony criminal threats in violation of § § 422 in 1999, he was promised as part of his plea agreement that the conviction would be treated as a misdemeanor.  Leo contends that since his current sentence was enhanced due to the fact that his conviction under § 422 was treated as a serious felony and prior strike, the terms of his plea agreement from 1999 have been breached and he is therefore entitled to relief.

15

1.   State Court Decision

Leo presented this claim to only the California Court of Appeal and California Supreme

Court.  His Petitions to the California Court of Appeal and California Supreme Court were

summarily denied without opinion or citation to authority.  When there is no reasoned state-court

decision denying an issue presented to the state, "it may be presumed that the state court

adjudicated the claim on the merits in the absence of any indication or state law procedural

principles to the contrary."  *Richter*, 131 S. Ct. at 784-85 (citing *Harris*, 489 U.S. at 265).  In this

situation, this Court must perform an independent review of the record to ascertain whether the

state-court decision was "objectively unreasonable."  *Reynoso*, 462 F.3d at 1109 (quoting *Pham*,

400 F.3d at 742 (per curiam)).  In conducting an independent review of the record, this Court

presumes that the relevant state-court decision rested on federal grounds.  *See Coleman*, 501 U.S.

at 740.

2.   Analysis

Leo's argument fails under the Supreme Court's decision in *Lackwana County District*

*Attorney v. Coss*, 532 U.S. 394 (2001).  There, the Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own
> right because the defendant failed to pursue those remedies while they were available
> (or because the defendant did so unsuccessfully), the conviction may be regarded as
> conclusively valid.  If that conviction is later used to enhance a criminal sentence, the
> defendant generally may not challenge the enhanced sentence through a petition
> under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04.

In *Lackwanna*, the Supreme Court did recognize an exception to this rule.  The Court

explained:

16

> When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate.

*Id.* at 404-05. Leo does not allege that his Sixth Amendment right to counsel was violated or that he was unrepresented in his prior plea in 1999. In fact, Leo was represented during his plea in 1999. Leo further does not meet the other possible rare exceptions the Supreme Court discussed in *Lackwana*. *See* 532 U.S. at 405 (explaining that after the time for direct or collateral review has expired, a constitutional attack might be permitted where the failure to obtain timely review of a constitutional claim was not the Petitioner's fault, or there is new evidence of actual innocence). Accordingly, Leo is not entitled to relief under his second ground.[3]

<u>Ground 3: Ineffective Assistance of Trial Counsel</u>

In his third ground, Leo claims that his trial counsel was ineffective for failing to investigate his prior conviction under California Penal Code § 422. Specifically, he claims that a proper investigation would have revealed that his prior conviction was a misdemeanor and not a strike. According to Leo, his attorney's performance was deficient for failing to determine that Leo's prior conviction did not qualify as a strike and therefore could not properly enhance his current sentence.

---

[3] Respondent construes Leo's argument as challenging the voluntariness of his 2008 plea. Although Prisoner *pro se* pleadings are given the benefit of liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), Leo never once mentions any argument that could liberally be construed as challenging his 2008 plea agreement. Leo clearly is challenging his 1999 plea agreement, and argues this in his Petition and Traverse to this Court. Leo also made this argument to the California Court of Appeal and California Supreme Court. Accordingly, this Court will not address the validity of Leo's 2008 plea agreement.

1. State Court Decision

Leo presented this claim to the Sacramento County Superior Court.  However, in denying

his insufficiency of the evidence claim, the state court never actually ruled on his ineffective

assistance of counsel claim.  The state court noted: "[h]e further claims that he was rendered

ineffective assistance of counsel improperly agreeing to admit the conviction for enhancement

purposes." *Gritsyuk*, No. 09F07721.  The court did not say anything beyond this statement it its

written Order denying Leo's insufficiency of the evidence claim.  Thus, since there is no

reasoned state-court decision addressing this claim, this court may "presume[] that the state court

adjudicated the claim on the merits in the absence of any indication or state law procedural

principles to the contrary." *Richter*, 131 S. Ct. at 784-85 (citing *Harris*, 489 U.S. at 265).  This

Court must also perform an independent review of the record to ascertain whether the state-court

decision was "objectively unreasonable." *Reynoso*, 462 F.3d at 1109 (quoting *Pham*, 400 F.3d at

742 (per curiam)).  In conducting an independent review of the record, this Court presumes that

the relevant state-court decision rested on federal grounds. *See Coleman*, 501 U.S. at 740.

2. Analysis

Under *Strickland*, to demonstrate ineffective assistance of counsel, Leo must show both

that his counsel's performance was deficient and that the deficient performance prejudiced his

defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A deficient performance is one in

which "counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed by the Sixth Amendment." *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).  Leo must show

that defense counsel's representation was not within the range of competence demanded of

attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's

18

ineffectiveness, he would not have entered the plea agreement and would have gone to trial. *Id.* at 52, 57, 59 (1985). An analysis that focuses "solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *see Strickland*, 466 U.S. at 687; *see also Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." (citing *Strickland*, 466 U.S. at 687)); *United States v. Cronic*, 466 U.S. 648, 656 (1984) ("The right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." (citations omitted)). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either one of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

   *Strickland* and its progeny do not mandate that this Court act as a "Monday morning quarterback" in reviewing tactical decisions. *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990). Indeed, the Supreme Court admonished in *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from

19

counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.

466 U.S. at 689 (citations omitted) (internal quotation marks omitted).

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Mirzayance*, 556 U.S. at 121.

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.  *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the situation on direct review, focus is not on whether counsel's performance fell below the *Strickland* standard.  Rather, the focus is on whether the state-court decision holding that counsel was not ineffective constituted an "*unreasonable* application of federal law[,] [which] is different from an *incorrect* application of federal law."  *Richter*, 131 S. Ct. at 785.

Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments

or theories are inconsistent with the holding in a prior decision of this Court.

*Id.* at 786.

Leo has failed to carry this heavy burden.  In fact, if his trial counsel had investigated Leo's prior conviction under California Penal Code § 422, his counsel would have uncovered only that Leo's prior conviction was a felony.  Leo's trial counsel cannot have been ineffective for failing to raise a meritless argument.  *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir. 1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does constitute ineffective assistance." (quoting *Cooper v. Fitzharris*, 551 F.2d 1162, 1166 (9th Cir. 1977))). Accordingly, Leo is not entitled to relief under his third ground.

## V.  CONCLUSION AND ORDER

Leo is not entitled to relief on any ground in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** Leo's request for an evidentiary hearing is

**DENIED.**

**IT IS FURTHER ORDERED THAT** Leo's request for appointment of counsel is also

**DENIED.**

**IT IS FURTHER ORDERED THAT** the Motion for Judicial Notice of Department of

Justice Audio Tapes in Petitioner's Underlying Immigration Proceeding at Docket No. 11 is

**DENIED.**

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.  28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("To obtain a

certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree

with the district court's  resolution of his constitutional claims or that jurists could conclude  the

issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

537 U.S. at 327 (2003)).  Any further request for a Certificate of Appealability must be addressed

to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: May 30, 2012.

　/s/ James K. Singleton, Jr.　
JAMES K. SINGLETON, JR.
United States District Judge

22